On 22 September, 1948, the plaintiff filed a duly verified application, which fulfilled all of the requirements of G.S. 18-75, with the governing body of the defendant, the Town of Holly Springs, a municipality in Wake County, for an "off-premises" license authorizing him to sell beer and wine at retail at his grocery store in Holly Springs under the provisions of the Beverage Control Act of 1939, and tendered to such governing body the sum of $15.00 in payment of the prescribed municipal license tax. G.S. 18-74. Such grocery store is located within six hundred feet of the Holly Springs Baptist Church in Holly Springs Township, Wake County. The plaintiff made it truly to appear to the governing body of the defendant by his application and other proof that he is not less than twenty-one years of age; that he has been a bona fide citizen and resident of North Carolina and the United States ever since his birth; that he has never been convicted of a felony or other crime involving moral turpitude; that he had not been adjudged guilty of violating the prohibition laws, either State or Federal, within the two years prior to the filing of his application; and that he had not completed a sentence for violation of the prohibition laws within two years prior to the filing of his application. On 24 September, 1948, the governing body of the defendant considered the plaintiff's application and adjudged it to be "regular and in order," but refused to grant him the license requested "due to circumstances beyond our control." The plaintiff thereupon brought this action against the defendant, tendering the amount of the prescribed municipal license tax and praying a mandamus to compel the issuance of an "off-premises" license authorizing plaintiff to sell beer and wine at retail at his grocery store in Holly Springs.
Upon the complaint, which averred the matters set out above, the court issued an order requiring the defendant to show cause why a writ of mandamus should not issue in accordance with plaintiff's prayer. The defendant did not deny the allegations of the complaint by answer or otherwise, but made a return to the order to show cause asserting that the plaintiff is "not a man of good character" and ought not to be granted the license sought on account of the things appearing in the ensuing paragraph.
Prior to 1 May, 1929, the plaintiff was convicted of minor assaults twice, of petty traffic violations five times, and of unlawfully possessing intoxicating liquors twice, and was compelled to pay fines totaling $70.00 and to serve six months "on the roads" as punishment therefor. On one occasion he was bound over to the Superior Court of Wake County on the charge of larceny and receiving, but the action was never brought to trial *Page 390 
and terminated in a nolle prosequi with leave in April, 1929. Since that time, the plaintiff has been law-abiding.
When the case at bar was heard, the court found facts conforming to the allegations of the complaint and adjudged that the plaintiff had not been convicted of any felony or other crime involving moral turpitude, but concluded that he "is a person of bad character and . . . not entitled to said license" because of his court record antedating 1 May, 1929. Assigning this conclusion as the basis for its action, the court declined to issue a mandamus and dismissed the action, and the plaintiff appealed, assigning errors.
Since this case was argued in this Court, the General Assembly of 1949 has duly enacted Senate Bill No. 142 making it unlawful for any person to sell beer or wine "within one and a half miles of the Holly Springs Baptist Church in Holly Springs Township in Wake County," and prohibiting the governing body of the Town of Holly Springs and "any other agency within the State of North Carolina" from issuing any license to any person for the sale of beer or wine within such territory. The plaintiff applied for the "off-premises" license for a particular place, to wit, his grocery store in the Town of Holly Springs, as required by statute. G.S. 18-75. Since this place is situated "within one and a half miles of the Holly Springs Baptist Church in Holly Springs Township in Wake County," the question of whether the governing body of the Town of Holly Springs wrongfully refused to issue to plaintiff the license for which he applied has been rendered academic by the action of the General Assembly of 1949, and any decision thereof by this Court would be a useless performance. Wilson v. Comrs. of Guilford,193 N.C. 386, 137 S.E. 151. In consequence, the appeal is
Dismissed.